**Vernon Otis BEAVERS, Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.**

**No. 23735.**

United States Court of Appeals Fifth Circuit.

Feb. 13, 1967.

**96**

---

Robert W. B. Dickerson, Houston, Tex., for appellant.

Allo B. Crow, Jr., Waggoner Carr, Atty. Gen. of Texas, Hawthorne Phillips, First Asst. Atty. Gen., T. B. Wright, Executive Asst. Atty. Gen., Howard M. Fender, Asst. Atty. Gen., Austin, Tex., for appellee.

Before WISDOM, COLEMAN, and GODBOLD, Circuit Judges.

PER CURIAM:

The defendant, Vernon Otis Beavers, appeals from an order of the district court denying his petition for a writ of habeas corpus. Beavers asserts that his signed confession was unconstitutionally placed in evidence against him.

■ The court below found that Beavers signed the confession in question after 30 or 40 minutes of interrogation. When the interrogation began, the police officers in charge warned Beavers of his right.to remain silent and that anything he said could be used against him at a trial. They failed to warn him, however, of his right to counsel. Signs prominently placed around the walls of the police station and jailhouse proclaimed this right, but Beavers is illiterate and could not read the signs. Beavers argues that his constitutionally protected right to counsel was violated, citing Gideon v. Wainwright, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; Escobedo v. State of Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977; Miranda v. State of Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Beavers's case went to trial before the Supreme Court decided *Escobedo* and *Miranda*. Neither case has a retroactive application. Johnson v. State of New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, Marion v. Harrist, 5 Cir. 1966, 363 F.2d 139. Under the rules prevailing before *Escobedo*, Beavers's sixth amendment right to counsel was not violated.

■ Beavers also contends that his confession was coerced. The record does not support that contention.

The judgment of the district court is Affirmed.