Raymond Alexander SCHNEIDER,
Appellant,

v.

L. L. WAINWRIGHT, Director, Division
of Corrections, State of Florida,
Appellee.

No. 24015.

United States Court of Appeals
Fifth Circuit.

April 3, 1967.

Certiorari Denied June 12, 1967.

See 87 S.Ct. 2142.

Zach H. Douglas, George A. Pierce,
Jacksonville, Fla., for appellant.

Earl Faircloth, Atty. Gen., James G. Mahorner and David U. Tumin, Asst. Attys. Gen., Tallahassee, Fla., for appellee.

Before PHILLIPS,* THORNBERRY and DYER, Circuit Judges.

PER CURIAM:

In February, 1962, appellant was tried by jury in the State Courts of Florida and convicted of murder. A written incriminating statement given to police officers by appellant on July 29, 1961, was, without objection, received in evidence. Appellant's counsel stipulated at the trial that the statement had been freely and voluntarily given by appellant.

After exhausting his state remedies, appellant filed a petition for habeas corpus in the District Court which was denied. Appellant's sole point on appeal is that, when the police started accusatory questioning, the appellant's right to an attorney became vested, and an admittedly voluntary confession thereafter made could not be used against him.

Appellant's case was tried before either Escobedo v. State of Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, or Miranda v. State of Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 were decided by the Supreme Court. Neither case has retroactive application. Johnson v. State of New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, Marion v. Harrist, 5 Cir. 1966, 363 F.2d 139. Under the rules prevailing prior to *Escobedo* appellant's sixth amendment right to counsel was not violated. Beavers v. Beto, 5 Cir. 1967, 373 F.2d 95, (Feb. 13, 1967).

The judgment of the District Court is Affirmed.

* Of the Tenth Circuit, sitting by designation.